89 F.3d 828
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Mark JAMELL, an infant who sues by his mother as next friend
Carol A. Jamell; Carol A. Jamell, individually,
Plaintiffs-Appellants,
v.
CITY OF CHESAPEAKE, a Municipal Corporation, Defendant-Appellee.
 No. 95-2550.
 United States Court of Appeals, Fourth Circuit.
 Argued June 3, 1996.
Decided June 26, 1996.
 
 ARGUED: Louis Bernard Fine, Henry Lewis Allen, FINE, FINE, LEGUM & FINE, Virginia Beach, Virginia, for Appellant. Thomas Jeffrey Salb, BREEDEN, MACMILLAN & GREEN, P.L.C., Norfolk, Virginia, for Appellee.
 Before WIDENER, WILKINS, and MICHAEL, Circuit Judges.
 PER CURIAM:
 
 
 1
 Mark Jamell and his mother, Carol A. Jamell, appeal from the district court's grant of summary judgment in favor of the City of Chesapeake, Virginia. The Jamells sued the City after Mark sustained injuries while he was using playground equipment at a park owned and operated by the City. The suit alleged that the City was grossly negligent[1] by failing to provide various safety features on the equipment, failing to warn of dangers, and failing to properly maintain the equipment. The Jamells sought compensatory and punitive damages. The City filed a motion for summary judgment. On July 28, 1995, the district court granted the motion, holding that the Jamells presented no evidence creating a genuine issue of material fact with respect to the issue of gross negligence. This appeal followed.
 
 
 2
 After carefully considering the record, the briefs and the arguments of the parties, we conclude that the district court properly granted the City's motion for summary judgment. Accordingly, we affirm for the reasons stated in the district court's thorough opinion. See Jamell v. City of Chesapeake, No. 2:95cv249 (E.D.Va. Jul. 28, 1995).[2]
 
 
 
 [1]
 Under Virginia law, a plaintiff must prove gross negligence to recover from a municipality for injuries at a "playground or other recreational facility." See Va.Code § 15.1-291
 
 
 [2]
 On appeal the Jamells relied in part on certain affidavits submitted to the district court after summary judgment had been awarded to the City. By order dated August 4, 1995, the district court declined to consider these affidavits because they had not been timely filed. We find no error in this ruling, and consequently we, too, have not considered the untimely affidavits